# IN THE
# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

ANNA KINNEY
(Plaintiff-Appellant)

v.

ST. MARY'S HEALTH, INC., d/b/a ASCENSION ST. VINCENT EVANSVILLE, INC.
(Defendant-Appellee)

Case No. 22-2740

**APPELLANT'S REPLY BRIEF**

On appeal from the United States District Court
For the Southern District of Indiana
Case No. 3:20-cv-00226-RLY-MPB

Respectfully submitted,

*/s/Kyle F. Biesecker*
Kyle F. Biesecker
Biesecker Dutkanych & Macer, LLC
411 Main Street
Evansville, IN 47708
(812) 424-1000

# TABLE OF CONTENTS

Table of Contents………………………………………………………………………………1

Table of Authorities…………………………………………………………………………….2

Argument……………………………………………………………………………………….3

       A. Kinney is a qualified individual with a disability…………………………………..3

       B. Kinney experienced an adverse employment action when she was constructively discharged due to St. Vincent's failure to accommodate……………………………..5

       C. There is a causal connection between Kinney's protected activity and her adverse employment action………………………………………………………………….6

       D. The District Court took inferences in favor of St. Vincent and ignored evidence presented by Kinney…………………………………………………………………..7

Conclusion……………………………………………………………………………………...8

Certificate of Compliance with F.R.A.P. 32(a)(5)-(6)…………………………………………..8

Certificate of Compliance with F.R.A.P. 32(a)(7)……………………………………………...9

Certificate of Service…………………………………………………………………………...9

# **TABLE OF AUTHORITIES**

*Bilinksi v. Am. Airlines, Inc.*, 928 F.3d 565,573 (7th Cir. 2019)……………………………..……3, 4

*Blickle v. Ill. Dep't of Children and Family Servs.*,
No 12 C 9795, 2013 U.S. Dist. LEXIS 80014, 2013 WL 2467651,
at *8-*10 (N.D. Ill. June 7, 2013)…………………………………………………….……..6

*Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996)……………………3

*Graztl v. Office of the Chief Judges of the
12th, 18th, 19th, and 22nd Judicial Circuits,* 601 F.3d 647, 679 (7th Cir. 2010)……………………3

*Jackson v. City of Chi.*, 414 F.3d 806, 810 (7th Cir. 2005)……………………………………….3

*Sturz v. Wisconsin Department of Corrections*,
642 F. Supp. 2d 881, 891 (W.D. Wis. 2009)…………………………………………………..6

*Tolan v. Cotton*, 572 U.S. 650, 657 (2014)……………………………………………………….7

**ARGUMENT**

In its Response Brief, Defendant-Appellee, St. Mary's Health, Inc., d/b/a Ascension St. Vincent Evansville, Inc. ("St. Vincent"), contends that the District Court properly granted summary judgment on Plaintiff-Appellant's, Anna Kinney, claims in Defendant's favor. The Defendant's contention is incorrect.

**A. Kinney is a qualified individual with a disability.**

For an individual to be deemed a qualified individual with a disability, she must establish that she has a disability within the meaning of the ADA and that she is qualified for the job. *Graztl v. Office of the Chief Judges of the 12th, 18th, 19th, and 22nd Judicial Circuits,* 601 F.3d 647, 679 (7th Cir. 2010). St. Vincent contends that Kinney is not a qualified individual with a disability because she "was unable to perform the essential functions of her position with or without a reasonable accommodation." (St. Vincent's Brief at pg. 10). St. Vincent argues that Kinney could not perform her job remotely and cites cases that state that "regular work site attendance is an essential function of most jobs." *Bilinksi v. Am. Airlines, Inc.*, 928 F.3d 565,573 (7th Cir. 2019). (St. Vincent's Brief at pg. 11). However, there are enough facts regarding Kinney's ability to perform the essential functions of her position in dispute that a jury should decide. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996); *see also Jackson v. City of Chi.*, 414 F.3d 806, 810 (7th Cir. 2005). St. Vincent's argument blatantly ignores two crucial factors: Kinney was working from home without issue at the directive of St. Vincent's Executives, Joe Impicciche, CEO and President, and Jonathan Nallis, Senior Vice President, for six months; and COVID-19 is a novel issue that arguably permanently altered the world's perception of and abilities to work from home. Also, the case relied upon by St. Vincent *Bilinski* is easily distinguished. The plaintiff in *Bilinski* was allowed to work from home until a

3

merger occurred which materially altered her role. The merger resulted in an organization-wide restructuring that "repurposed" her department, changing the focus of her role and adding brand new duties and responsibilities. *Bilinski,* 928 F. 3d at 567. In the present matter, there was no triggering event that materially altered Kinney's role that would require her to return to working on site, but rather it was a decision triggered by the alleged bad actor and Kinney's supervisor, John Greaney, changing his mind about Kinney's remote work. St. Vincent contends that Kinney's Greaney was "unaware" of Kinney's remote work and that Kinney "simply began working from home full time in August 2020." (St. Vincent's Brief at pg. 14). However, again, this argument ignores the fact that St. Vincent executives sent out a directive to a select group of employees that were deemed able to work remotely, including Kinney, and that Kinney was simply following the directive by working from home. (Greaney Depo at pg. 45; Kinney Depo at pg. 138). This argument also would suggest that there were no issues with Kinney working remotely, since the fact that Kinney's was working from home wasn't noticeable to Greaney.  It also begs the question of Greaney's work and performance, because he was unaware that one of his direct reports was working from home for nearly six months.

     St. Vincent further argues that the duties of Kinney's role could not be performed from home but does not describe how so. St. Vincent merely stated that her role "requires a physical presence in the hospital…" (St. Vincent's Brief at pg. 13).  However, a look at her job description indicates that her duties could be performed remotely. The description of her position, published by St. Vincent on December 9, 2020, identifies Kinney's duties as hiring staff, budgeting, purchasing equipment, care plan development, serving as a liaison among department leaders, maintenance of the department, and ensuring compliance with regulations.

(Exhibit 3 - Executive Director of Imaging Services Job Description[1]). These duties plainly do not require a full-time physical presence on-site, nor do they involve face-to-face patient care or hands-on supervision with employees.

St. Vincent also argues that Kinney "did not engage in the interactive process" despite Kinney's request for reasonable accommodation via St. Vincent's portal and her submission of a physician's note. (St. Vincent's Brief at 11; Kinney Depo at pgs. 133-34). Kinney submitted a request for reasonable accommodation via St. Vincent's portal in January 2021. (Exhibit 26 – Accommodation Request). She then spoke with Jeff Ilko regarding her request. Then, merely 10 days later, her request was denied. Kinney plainly made a good faith effort to engage in the interactive process.

St. Vincent further states that it received "numerous" complaints about Kinney working remotely in an attempt to show that Kinney could not effectively work from home, but offers no evidence or support for this statement, nor does it appear that there is any evidentiary support in the record of such complaints. (St. Vincent's Brief at pg. 13).

Kinney contend that she was entitled to her requested accommodation because she was a qualified individual with a disability. As previously discussed, Kinney is in fact a qualified individual with a disability because she could perform all of the essential functions of her job, and therefore, she is entitled under law to a reasonable accommodation.

**B. Kinney experienced an adverse employment action when she was constructively discharged due to St. Vincent's failure to accommodate.**

St. Vincent contends that a constructive discharge due to a failure to accommodate is not a qualified adverse employment action and completely ignores the case law cited by Kinney,

---

[1] All of the exhibits cited to in this Reply were submitted by the parties in support of their respective summary judgment motion filings. Here, the exhibits cited to within this brief correlate with the exhibits that were filed with Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. [Doc. No. 53].

holding that a constructive discharge due to an employer's failure to accommodate, which requires that an individual choose between their health and their job, is a qualified adverse employment action. *Blickle v. Ill. Dep't of Children and Family Servs.*, No 12 C 9795, 2013 U.S. Dist. LEXIS 80014, 2013 WL 2467651, at *8-*10 (N.D. Ill. June 7, 2013)(citing *Baldwin v. Board of Trustees of the University of Illinois*, No. 10 C 5569, 2012 U.S. Dist. LEXIS 113071, 2012 WL 3292831, at *3 (N.D. Ill. Aug. 8, 2012); *Sturz v. Wisconsin Department of Corrections*, 642 F. Supp. 2d 881, 891 (W.D. Wis. 2009). (St. Vincent's Brief at pgs. 15-16). In the present matter, Kinney repeatedly requested accommodations for her disability, including working remotely or a hybrid schedule that would allow her to work remotely while still coming into the office two days per week. (Kinney Depo at pg. 154). St. Vincent repeatedly denied any accommodation and as such, Kinney felt that she had to choose between her health and her job.

### C. There is a causal connection between Kinney's protected activity and her adverse employment action.

St. Vincent also argues that there is a "ten-month gap" between her last protected activity and the denial of her request for accommodation on October 23, 2020. (St. Vincent's Brief at pg. 16). However, as previously discussed, Kinney's adverse employment action is not the denial of the accommodation, but rather the constructive discharge resulting from the denial of the accommodation. Over the course of two years leading up to her constructive discharge, Kinney engaged in numerous protected activities, including but not limited to, internal complaints and an EEOC charge filed in 2019, internal complaints and her first federal complaint in 2020, a request for accommodations in January 2021, multiple emails to Jeff Ilko regarding her request for accommodation in January 2021, a second EEOC Charge in March 2021, and another internal complaint in March 2021. In fact, Kinney was forced to take a medical leave of absence due to

6

St. Vincent's refusal to accommodate, and upon the end of her leave, when St. Vincent again made it apparent that it would refuse to accommodate her, Kinney was forced to choose between her health and her job and resigned on August 6, 2021. There is plainly not a gap of any considerable size between protected activity and adverse employment actions and there exists a plain causal connection between Kinney's engagement in protected activity and her constructive discharge.

### D. The District Court took inferences in favor of St. Vincent and ignored evidence presented by Kinney.

St. Vincent attempts to engage in a fact battle over whether or not Kinney was, in fact, qualified for the positions that she was passed over for. The fact that St. Vincent feels the need to engage in such a fact-battle is evidence that there were, and continue to be, material facts in dispute. The District Court erred in awarding summary judgment in favor of St. Vincent because it ignored evidence presented by Kinney that she was in fact qualified for the job, and it took inferences in favor of the moving party (St. Vincent) rather than the non-moving party. Where a Court fails to view the evidence in the light most favorable to the non-moving party and fails to credit evidence that contradicts key factual conclusions, that Court improperly weights the evidence and improperly resolves disputed issues in the favor of the moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). Kinney provided evidence of her experience. Kinney has over 25 years of experience in operation of service lines in the healthcare industry. (Kinney Depo at pg. 34). Kinney has held her MBA for over 14 years. (Kinney Depo at pg. 9). Kinney had previously held the title of VP of Operations for another hospital system before coming to St. Vincent. (Kinney Depo at pg. 34). She has supervised more cost centers than any other director during her tenure with St. Vincent. (Exhibit 1- Kinney Resume; Kinney Depo at pgs. 52-56).

7

Kinney provided ample evidence demonstrating her qualifications, which was ignored when summary judgment was granted in Defendant's favor.

## CONCLUSION

For the reasons set out above, the District Court erred in granting summary judgment in favor of St. Vincent because there was sufficient evidence to allow a jury to conclude that Kinney was discriminated against and retaliated against in violation of the ADA and Title VII. The District Court's judgment should be reversed and remanded to the District Court for a trial on the existing issues of fact.

Respectfully submitted,

/s/Kyle F. Biesecker
Kyle F. Biesecker
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(A)(5)-(6)

I hereby certify that this brief complies with the typeface and typestyle requirements of Fed. R. App. P. 32(a)(5)-(6), because this brief has been prepared in proportionally-spaced typeface using Microsoft Word in 12-point Times New Roman.

Dated: January 25, 2023          /s/Kyle Biesecker
                                  Kyle Biesecker, Counsel of Record
                                  Attorney for the Appellant

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(A)(7)

I hereby certify that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B), because this brief contains 1,734 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Dated: January 25, 2023　　　　　　*/s/Kyle Biesecker*
　　　　　　　　　　　　　　　　　Kyle Biesecker, Counsel of Record
　　　　　　　　　　　　　　　　　Attorney for the Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2023, I electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

　　　　　　　　　　　　　　　　　*/s/Kyle Biesecker*
　　　　　　　　　　　　　　　　　Kyle Biesecker, Counsel of Record
　　　　　　　　　　　　　　　　　Attorney for the Appellant